IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEFFREY NEUBECKER,

    Plaintiff,

v.

WISCONSIN DEPT. OF HEALTH
AND HUMAN SERVICES, et al.,

    Defendants.

OPINION & ORDER

Case No. 18-cv-876-wmc

Plaintiff Jeffrey Neubecker claims that while he was a patient at the Sand Ridge Secure Treatment Center ("Sand Ridge"), defendants violated his constitutional rights and rights under the Americans with Disabilities Act ("ADA") by restricting his movement during a tornado warning. Because Neubecker is proceeding without prepayment of the filing fee, the court must screen the complaint under 28 U.S.C. § 1915(e)(2) to determine whether he may proceed. While held to a "less stringent standard" in crafting pleadings as a *pro se* litigant, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court must still dismiss plaintiff's lawsuit for failure to state a claim.

ALLEGATIONS OF FACT[1]

Neubecker was civilly committed to Sand Ridge during the relevant time period, and he names as defendants the Wisconsin Department of Health and Human Services,

---

[1] Courts must also read allegations in *pro se* complaints generously under *Haines*. 404 U.S. at 521. Accordingly, the court assumes the facts above based on the allegations made in plaintiff's complaint.

Sand Ridge, and its Director Doug Bellile, Security Captain Mitch Lenski and Security Officers Charlie Saunders.

On August 28, 2018, a tornado warning was issued for Juneau County, Wisconsin, where Sand Ridge is located. All patients were directed to their rooms, and Neubecker followed that directive at which point his and other patients' rooms were locked. Officer Saunders came by his room an hour later, and Neubecker asked to use the restroom, but Saunders said no. Twenty minutes later, another staff member came to his room and brought him to the bathroom. When Neubecker was done with the bathroom, he was placed back in his room for another 45 minutes.

OPINION

Neubecker claims that Saunders violated his constitutional rights and rights as a disabled person in placing him in seclusion during the tornado warning.

I.     **ADA**

As an initial matter, the ADA, 42 U.S.C. §§ 12131-12134, prohibits discrimination against qualified persons with disabilities. To establish a violation of Title II of the ADA, a plaintiff "must prove that he is a 'qualified individual with a disability,' that he was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was 'by reason of' his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (*citing Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996) (citing 42 U.S.C. § 12132)).

2

The Seventh Circuit has yet to address whether ADA violations that do not implicate constitutional rights may be brought in federal court, and in circumstances where an ADA claim is questionable and a *pro se* plaintiff has failed to invoke the roughly parallel provisions of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.,* the Seventh Circuit has suggested reading in a claim under the Rehabilitation Act so as to avoid this tricky abrogation question. *Norfleet v. Walker,* 684 F.3d 688, 690 (7th Cir. 2012).

The Rehabilitation Act is substantially identical to the ADA, providing that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). A claim under § 504 of the Act has four elements: (1) an individual with a disability; (2) who was otherwise qualified to participate; (3) but who was denied access solely by reason of disability; (4) in a program or activity receiving federal financial assistance. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012).

Beyond Neubecker's failure to allege facts suggesting that he suffers from a disability, which might be inferred for pleading purposes given his civil commitment, his current allegations do not satisfy either the second or third elements of a prima facie case under the Rehabilitation Act. To begin, although Sand Ridge is considered a "public entity," Neubecker does not claim to be excluded from any service, program, or activity offered to others civilly confined at Sand Ridge. 42 U.S.C.A. § 12132. Indeed, the Seventh Circuit has already held that refusing to accommodate a prisoner's severe leg spasm condition by installing guardrails on his bed did not implicate the ADA or the

3

Rehabilitation Act, because "incarceration, which requires the provision of a place to sleep, is not a 'program' or 'activity.'" *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996). *Bryant* also clarifies that while denying a special cell accommodation may constitute medical malpractice, because the plaintiff in that case was "not complaining of being excluded from some prison service, program, or activity — for example, an exercise program that his paraplegia would prevent him from taking part in without some modification of the program" — the ADA does not provide any remedy for this lack of services. *Id*. Regardless, since Neubecker has provided no allegations suggesting that he was improperly confined to his room and temporarily denied access to the bathroom solely due to his disability, as opposed to say the occurrence of a tornado, he may not proceed on a claim under the ADA or the Rehabilitation Act.

## II. Constitutional Claims

As to his assertion that defendants violated his constitutional rights, the court infers that Neubecker intends to pursue relief under 42 U.S.C. § 1983. Thus, the court must begin by dismissing putative defendants Sand Ridge, the Department of Health and Human Services, Bellile and Lenski. Sand Ridge is a building, and the Department of Health and Human Services is a Wisconsin state agency; neither of these defendants is subject to suit under § 1983. *See Thomas v.* Illinois, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989)); *Edelman v. Jordan*, 415 U.S. 651, 663 (1973); *Ryan v. Illinois Department of Children and Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999); *see also Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir.

4

2012) ("A prison or department in a prison cannot be sued because it cannot accept service of the complaint.").

Bellile and Lenski must also be dismissed for lack of personal involvement, a prerequisite to liability under § 1983. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). Generally speaking, these defendants also cannot be held liable in their supervisory capacities because § 1983 does not hold supervisors accountable under a theory of *respondeat superior*. While there are exceptions to this rule, none apply here. For example, a supervisor may be liable if he knew about unconstitutional "conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye for fear of what [she] might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (citation omitted). Additionally, a supervisor might be liable for flawed policies or deficient training over which she had control, if the policies or training amount to deliberate indifference to the rights of the persons affected. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). Since Neubecker has not challenged any official or unofficial policies that Bellile or Lenski knew about or condoned, Neubecker may not proceed against them under § 1983.

Turning to proposed defendant Saunders, while *punishment* of civilly-confined patients violates their Fourteenth Amendment due process rights, patients in Saunders' shoes "may be subjected to conditions that advance goals such as preventing escape and assuring the safety of others." *Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003). In determining whether the conditions of civil confinement are punitive, "courts must show deference to the judgment exercised by the qualified professional." *Youngberg v. Romeo*, 457

5

U.S. 307, 321 (1982). Decisions made by such professionals are "presumptively valid." *Id.* at 323; *see also Barichello v. McDonald*, 98 F.3d 948, (7th Cir. 1996) (finding that in refusing patient a grounds pass, staff at mental health facility did not violate patient's due process rights because it did not "impinge bodily integrity" nor did it endanger patient safety).

As pleaded here, while Neubecker may have been required to stay in his room for less than two hours during a tornado warning, his allegations do not support a reasonable inference that Saunders was not exercising professional judgment in confining him to his room. To the contrary, the tornado warning suggests that Saunders' decision requiring Neubecker to stay in his room was intended to *ensure* his physical safety. Regardless, it does *not* permit a reasonable trier of fact to infer that Saunders subjected him to bodily harm or intended to do so. Furthermore, while Saunders would not let him use to the bathroom after one hour of room confinement, Neubecker has not pleaded facts necessary to infer that the threat of the tornado had subsided when he requested to use the bathroom, nor even when he used the bathroom and was returned to his room.

Moreover, while Neubecker may well have been uncomfortable during the 20-minute period of time between when Saunders declined to let him use the bathroom and when he was able to relieve himself, he has not pleaded any facts suggesting that he suffers from a special condition requiring him to use the bathroom with greater frequency, nor that he suffered an injury because he was unable to do so. Absent that, Neubeck's discomfort for such a brief period of time simply does not support finding a constitutional violation. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003)

6

(pretrial detainee held for five hours in a cell without a toilet did not state a Fourteenth Amendment due process claim); *see also Clark v. Spey*, Case No. 01-C-9669, 2002 WL 31133198, at *2-3 (N.D. Ill. Sept. 26, 2002) (inmate held in cell without a toilet for several hours overnight failed to state a claim under the Eighth Amendment).

Finally, Neubecker's allegations do not support any other potential claim for relief. Thus, the court must dismiss his complaint in its entirety for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Jeffrey Neubecker's complaint is DISMISSED for failure to state a claim upon which relief can be granted.
2. Plaintiff's motion for assistance in recruiting counsel (dkt. #2) is DENIED as moot.

Entered this 4th day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge